UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WOODROW ANDERSON, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:06CV122 JCH |
| JAMES PURKETT, et al., | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant James Purkett's Motion to Dismiss, filed August 31, 2006. (Doc. No. 20). The matter is fully briefed and ready for disposition.

By way of background, Plaintiff Woodrow Anderson, an inmate at the Farmington Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants violated his rights under the Eighth Amendment, by failing to provide adequate medical treatment. With respect to Defendant Purkett, Plaintiff alleges that he, "failed to protect plaintiff from neglect, to provide necessary level of individualized training, to provide adequate medical care, to ensure adequate and sufficiently trained staff, and to safeguard the plaintiff at all times." (Compl., attached P. 2). Defendant Purkett now moves to dismiss Plaintiff's Complaint, asserting Plaintiff failed to exhaust administrative remedies prior to filing this action.

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, a prisoner cannot bring a § 1983 action with respect to prison conditions without first exhausting his available administrative remedies. 42 U.S.C. § 1997e(a). The requirement that a prisoner exhaust prison grievance remedies applies to all prisoners seeking redress for prison "circumstances or occurrences," even when the prisoner seeks relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S.

516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001). Exhaustion is an affirmative defense which must be proved by defendant and need not be pleaded by plaintiff. See Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam); Foulk, 262 F.3d at 697.

If exhaustion of administrative remedies is not completed at the time of the filing of the lawsuit, dismissal of the action is mandatory under the PLRA. Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). When multiple prison-condition claims have been joined, § 1997e(a) requires exhaustion as to all claims. See Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000). Further, "a prisoner who files a complaint in federal court asserting multiple claims against multiple prison officials based on multiple prison grievances must have exhausted each claim against each defendant in at least one of the grievances." Abdul-Muhammad v. Kempker, 450 F.3d 350, 352 (8th Cir. 2006), citing Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001).

The Missouri prison grievance process provides that an inmate first must file an Informal Resolution Request ("IRR") within fifteen days of the incident. A response from prison officials is due thirty days later. Second, the inmate may appeal the IRR response by filing an Inmate Grievance within five working days of receipt of the IRR response. Another response from the prison is due thirty days later. Third, if the inmate is not satisfied with the grievance response, he may file an Inmate Grievance Appeal within five working days of the response. Fourth, if the inmate does not obtain a satisfactory response to the appeal, he may file a second appeal. Smith v. Stubblefield, 30 F.Supp.2d 1168, 1174 (E.D. Mo. 1998). The grievance procedure is considered fully exhausted after step three of the process, i.e., completion of the first appeal.

In the instant case, Plaintiff's Complaint states that he has presented the facts at issue through the grievance system. (Compl., P. 3). Defendant Purkett points out that Plaintiff has failed to

exhaust his administrative remedies, however, as Plaintiff has never filed an IRR or Grievance with respect to these facts, naming Defendant Purkett as a respondent. In support of this contention, Defendant Purkett provides a certified copy of Plaintiff's grievance paperwork related to this Complaint.

In his response, Plaintiff admits that he never specifically named Defendant Purkett in his grievances. (Plaintiff's Respond (sic) to Defendant's Motion to Dismiss, P. 2). As such, under Abdul-Muhammad, Plaintiff has not fully exhausted his administrative remedies, and dismissal without prejudice is required. See Fenton v. Northern, 2006 WL 1976037 (E.D. Mo. Jul 12, 2006); see also Bostic v. Babich, 2006 WL 2423101 (E.D. Mo. Aug 22, 2006).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant James Purkett's Motion to Dismiss (Doc. No. 20) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** without prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of December, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE